# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Christine Houston,  )  | Civil Action No. 5:12-cv-02852-JMC |
| )  | |
| Plaintiff,  )  | |
| )  | |
| v.  )  | |
| )  | **ORDER AND OPINION** |
| Carolyn W. Colvin,  )  | |
| Acting Commissioner of Social Security  )  | |
| Administration[1],  )  | |
| )  | |
| Defendant.  )  | |
| _____ )  | |

Plaintiff Christine Houston ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 35.)

The magistrate judge issued a Report in which she recommended reversing the Commissioner's decision to allow the Administrative Law Judge ("ALJ") to consider "the impact of Plaintiff's medical treatment on her ability to engage in substantial gainful employment for the 18-month period following her accident in February 2009." (ECF No. 35 at 18-19.) Plaintiff filed objections to other recommendations in the Report. (ECF No. 35.) For the reasons set forth below, the court **ACCEPTS** the magistrate judge's Report and **REVERSES**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

the final decision of the Commissioner denying Plaintiff's claim for DIB pursuant to sentence four of 42 U.S.C. § 405(g) and remands the case to the Commissioner for further proceedings consistent with this decision.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background of this matter is discussed in the Report. (See ECF No. 35 at 1-6.) The court concludes, upon its own careful review of the record, that the magistrate judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on October 20, 1964 and is presently forty-nine years old. (ECF No. 6-5 at 4.) Plaintiff obtained a high school GED and has past work experience as a phlebotomist and a respiratory therapist. (ECF Nos. 6-2 at 56, 6-6 at 5, 17, 7-3 at 30.) On February 5, 2009, Plaintiff was injured when she was hit by a car in a parking garage as she was walking into her place of employment at Roper Hospital in downtown Charleston, South Carolina. (ECF No. 6-7 at 12-14.) She sustained a complicated fracture of the left knee and tibia. (Id.) As a result of the injuries suffered, Plaintiff underwent numerous surgeries and months of intense physical therapy. (ECF Nos. 6-7 at 12-14, 25-30, 6-8 at 14-53, 7-2 at 41-42, 48-49, 7-4 at 1-35.) In addition, Plaintiff also had a pre-existing affective mental disorder, which condition allegedly became worse after her injury. (ECF Nos. 6-2 at 60-61, 6-7 at 92-99, 7-2 at 77-85, 103-105, 7-3 at 27-38.)

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on July 1, 2009 regarding a disability which she alleged began on February 5, 2009. (ECF No. 6-5 at 2-11.) Plaintiff's application was denied initially on September 3, 2009 and upon reconsideration on

June 10, 2010. (ECF No. 6-4 at 2-5, 13-16.) Plaintiff requested a hearing on July 21, 2010. (Id. at 17-18.) On March 8, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on April 7, 2011 that Plaintiff was not under a disability as defined by the Social Security Act ("SSA"). (ECF No. 6-2 at 26-77.) In support of his findings, the ALJ determined that Plaintiff had a residual functional capacity ("RFC") to do the following:

> [P]erform sedentary work . . . the claimant is able to lift and carry up to 10 pounds, occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally . . . may occasionally perform postural movements, although is restricted from climbing ladders, ropes or scaffolds . . . must avoid even moderate exposure to hazards . . . requires a cane for ambulation and needs the ability to alternate positions at will.

(Id. at 33.) The ALJ further determined that based on Plaintiff's age, education, work experience, and residual functional capacity, she was capable of performing work that exists in significant numbers in the national economy such as an assembler, a sorter, and an inspector. (Id. at 40.) Thereafter, the Appeals Council denied Plaintiff's request for review on August 8, 2012, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2-7.)

Subsequently, on October 2, 2012, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) D.S.C., the magistrate judge issued the Report on January 31, 2014. (ECF No. 35 at 1.) In the Report, the magistrate judge found that (1) there was no basis for remanding the case for further fact-finding regarding the new evidence submitted to the Appeals Council; (2) the ALJ's evaluation of limitations in attention and concentration was supported by substantial evidence; (3) the ALJ's credibility findings were supported by substantial evidence; and (4) the Commissioner's final decision should be reversed and remanded on the ground that

the ALJ failed to consider the impact of frequent medical treatment on Plaintiff's ability to engage in substantial gainful employment for the 18-month period following her accident in February. (Id. at 9-18.)

Plaintiff filed timely objections to the Report on February 26, 2014 alleging that the magistrate judge erred for the following reasons:

1) she concluded that the ALJ's RFC findings were supported by substantial evidence when the assessment did not take into account Plaintiff's need to elevate her leg;

2) she found that the ALJ's RFC findings were supported by substantial evidence when they failed to include Plaintiff's documented limitations in concentration, persistence, or pace after the ALJ found moderate limitations in concentration, persistence, or pace at step three and the vocational expert ("VE") testified that limitation in the area of mental functioning of as little as 20% of a workday would preclude all work; and

3) she erroneously concluded that the ALJ properly found that Plaintiff's statements concerning her symptoms and functional limitations were not fully credible.

(ECF No. 42.)

The Commissioner filed a response to Plaintiff's objections to the Report on March 14, 2014 asserting that the court should adopt the Report and reject Plaintiff's objections. (ECF No. 45 at 1, 4.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     The Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only

those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.    The Court's Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

C.    The Magistrate Judge's Report

Upon her review, the magistrate judge found that the ALJ properly considered Plaintiff's testimony regarding her pain and "new" evidence from her treating pain management specialist, Edward Tavel, M.D. (ECF No. 35 at 11.) In this regard, the magistrate judge concluded that substantial evidence supported the ALJ's RFC because Dr. Tavel's opinions were consistent with the following limitations imposed on Plaintiff:

> The undersigned has limited the claimant to sedentary work and given her an option to alternate positions at will to give the claimant the benefit of the doubt relative to pain. The claimant is also restricted from climbing ladders, ropes or scaffolds to account of range of motion deficits and her use of a cane. The undersigned has also restricted the claimant from moderate exposure to hazards in consideration of narcotic analgesics. However, physical examinations do not support further limitations and the residual functional capacity more than addresses effects of obesity.

(Id. (citing ECF 6-2 at 38).)

The magistrate judge next found that the ALJ's evaluation of Plaintiff's mental functioning in the RFC was supported by substantial evidence. (Id. at 11-13.) In reaching this conclusion, the magistrate judge determined that the ALJ provided sufficient explanation for why he relied on Dr. Brian West's opinion in formulating Plaintiff's RFC, discounted the opinion of Dr. Rob Brabham (because he is not a medical doctor and his opinions regarding Plaintiff's physical impairments were outside of his area of expertise), and accorded Dr. Dena Cordes's opinion little weight (because there was no evidence that she examined Plaintiff). (Id.)

In assessing the merit of Plaintiff's claim that she was disabled during the period after her accident from May 2009 to August 2010 when she was engaged in numerous surgeries, physical therapy sessions, and doctor's office visits, the magistrate judge determined that the ALJ failed to "discuss the impact on Plaintiff's ability to engage in substantial gainful employment during that specific period of time." (Id. at 14.) As a result, the magistrate judge recommended remand

"so that the ALJ may consider the impact of Plaintiff's physical therapy regimen and additional surgeries on her ability to engage in substantial gainful employment for 18-month period following her accident . . . [and] the ALJ should consider the appropriateness of a closed period of disability. (Id.)

Finally, the magistrate judge found that Plaintiff had not shown that the ALJ improperly evaluated her credibility. (Id. at 18.) The ALJ summarized Plaintiff's subjective complaints as follows:

> The claimant has described daily activities, not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The claimant testified she has a driver's license and drives, does laundry with her husband, watches television, uses a computer, does some dusting, helps with cooking, goes shopping, works out at the gym 2 to 3 times a week, does crossword puzzles, reads novels, and visits with friends. She also reported being able to sit 6 to 8 hours a day, stand and walk 2 hours a day, and lift a gallon of milk. The undersigned notes her testimony is consistent with sedentary, unskilled work.

(Id. at 17 (citing ECF No. 6-2 at 34).) He then recounted Plaintiff's treatment history from the date of her accident through March 2011 and found that Plaintiff's symptoms were not as severe and limiting as she alleges. Based on the foregoing, the magistrate judge determined that the "ALJ considered both the subjective and objective medical evidence in making his credibility determination." (Id. at 17.)

D.     Plaintiff's Objections and the Commissioner's Response

Objections to the Report must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

7

Plaintiff first objects to the magistrate judge's conclusion that the ALJ's RFC findings were supported by substantial evidence when the assessment did not take into account Plaintiff's need to elevate her leg. (ECF No. 42 at 3.) In this regard, Plaintiff asserts that Dr. Tavel opined that she "had to elevate her leg and use ice frequently during the day for relief of pain, and that side-effects of pain medication along with chronic pain significantly limited her ability to maintain concentration and attention." (Id. at 2-3.) Moreover, the VE testified that these limitations would preclude all jobs in the national economy. (Id. at 2 (citing ECF No. 6-2 at 72-74).) Based on the foregoing, Plaintiff argues that the court at the very least should reverse the Commissioner and remand the case for further fact finding regarding Dr. Tavel's opinion. (Id. at 3-4.)

Plaintiff next objects to the magistrate judge's determination that the ALJ's RFC findings were supported by substantial evidence when they failed to include Plaintiff's documented limitations in concentration, persistence, or pace. (Id. at 4-5.) Plaintiff argues that the ALJ's failure in his RFC findings occurred despite the ALJ concluding at step three that Plaintiff had "moderate" limitations in concentration, persistence, or pace. (Id. at 5.) Moreover, this failure occurred after the VE testified that limitation in the area of mental functioning of as little as 20% of a workday would preclude all work. (Id. at 4.) In consideration of the foregoing, Plaintiff argues that the ALJ's RFC findings require reversal because they are not supported by substantial evidence.

Finally, Plaintiff objects to the magistrate judge's conclusion that the ALJ properly found that Plaintiff's statements concerning the intensity, persistence of her impairments and functional limitations were not fully credible. (Id. at 7.) In support of this objection, Plaintiff argues that the ALJ's credibility findings were primarily based on his summary description of Plaintiff's

8

daily activities, which summary failed to take into account the uncontroverted evidence that Plaintiff "could not engage in these activities on a regular and continuing basis."  (Id. (citing ECF No. 19 at 27.)  As a result, Plaintiff argues that a complete review of the evidence would have led to the conclusion that Plaintiff's allegations regarding the nature and limiting effect of her impairments were fully credible.  (Id.)

In her response to Plaintiff's objections, the Commissioner requests that the court reject Plaintiff's objections to the Report.  (ECF No. 45 at 4.)  Moreover, in response to Plaintiff's suggestion that the court has the authority to reverse the Commissioner's decision and order an award of benefits without remanding the case for further hearing, the Commissioner argues that the court may do so "only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or deny benefits."  (Id. at 3 (citing, e.g., Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974)).)

E.     The Court's Review

Upon review, the court notes that the Commissioner did not object to the recommendation in the Report that the court remand the matter for the ALJ to consider whether Plaintiff's physical therapy regimen and additional surgeries impacted her ability to engage in substantial gainful employment for 18-month period following her accident and whether the ALJ should consider the appropriateness of a closed period of disability.  Therefore, the court adopts this recommendation of the magistrate judge and remands the matter to the Commissioner for consideration of the issue referenced herein.

In his first objection to the Report, Plaintiff questions the adequacy of the ALJ's consideration of Plaintiff's testimony regarding the need to elevate her leg in combination with the opinion of Dr. Tavel that objective medical evidence supports leg elevation serving as a

relieving factor.  (Citing ECF Nos. 6-2 at 65-66, 7-5 at 36-37.)  Plaintiff further questions why the ALJ failed to address this issue when the VE testified that a person who "had to elevate the left leg to waist level one to, at least two hours a day" could not perform any jobs in the national economy.  (Citing ECF No. 6-2 at 72-74.)  In the Report, the magistrate judge concluded that substantial evidence supported the ALJ's formulation of Plaintiff's RFC notwithstanding her testimony and Dr. Tavel's opinion.  (ECF No. 35 at 11 (citing ECF No. 6-2 at 34-35).)  The court disagrees and finds that the ALJ failed to specifically address evidence regarding Plaintiff's need to elevate her leg in the context of the VE's testimony.  Therefore, the court concludes that the ALJ's decision is not supported by substantial evidence.  As a result of the foregoing, the court sustains Plaintiff's objection and remands the matter so that the ALJ can properly evaluate whether Plaintiff has to elevate her leg in the context of the step five of the sequential evaluation.

As to Plaintiff's second objection for the ALJ's alleged failure to properly evaluate her limitations in attention and concentration, the court finds after de novo review that the magistrate judge performed a thorough analysis of the record, including an assessment of the weight given to the various medical opinions, in reaching the conclusion that the ALJ's evaluation of Plaintiff's mental functioning in the RFC was supported by substantial evidence. Therefore, the court overrules this objection to the magistrate judge's Report because it is without merit.

The court also overrules the objection to the magistrate judge's Report regarding Plaintiff's credibility.  Upon review, the court agrees with the magistrate judge that the ALJ sufficiently explained the basis for his finding that Plaintiff's subjective complaints were not entirely credible.  Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989) ("The ALJ is required to make credibility determinations . . . about allegations of pain or other nonexertional disabilities . . . [and] such decisions should refer specifically to the evidence

10

informing the ALJ's conclusion.") (Citation omitted). Moreover, the ALJ cited to objective medical evidence and explained how this evidence contradicted the testimony provided by Plaintiff. (See ECF No. 6-2 at 35-38.) In consideration of the foregoing, the court finds that substantial evidence supports the ALJ's determination that Plaintiff's testimony was not fully credible. Accordingly, the court overrules Plaintiff's objection regarding the assessment of her credibility.

### III.    CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART AND REJECTS IN PART** the magistrate judge's Report and Recommendation incorporating it by reference, and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits pursuant to sentence four of 42 U.S.C. § 405(g) and remands the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 31, 2014
Columbia, South Carolina