# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Christine Houston, ) | Civil Action No. 5:12-cv-02852-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Carolyn W. Colvin, ) | **ORDER AND OPINION** |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Christine Houston ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (ECF No. 1.) The court accepted in part and rejected in part the Magistrate Judge's Report and Recommendation ("Report"), reversing and remanding the case to the Commissioner for further proceedings. (ECF No. 47.)

This matter is before the court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking attorney's fees in the amount of $9,843.10 and costs in the amount of $350.00 for a total of $10,193.10. (ECF No. 49 at 1.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion for Attorney's Fees and awards fees of $9,505.97 and costs of $350.00 for a total of $9,855.97.

## I.     RELEVANT BACKGROUND TO THE PENDING MOTION

On February 5, 2009, Plaintiff sustained a complicated fracture of the left knee and tibia when a car hit her. (ECF No. 6-7 at 12-14.) As a result of her injuries, Plaintiff underwent numerous surgeries and months of intense physical therapy. (ECF Nos. 6-7 at 12-14, 25-30, 6-8 at 14-53, 7-2 at 77-85, 103-105, 7-3 at 27-38.) Plaintiff also had a pre-existing affective mental

1

disorder, which allegedly worsened after her injury. (ECF Nos. 6-2 at 60-61, 6-7 at 92-99, 7-2 at 77-85, 103-105, 7-3 at 27-38.)

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on July 1, 2009. (ECF No. 6-5 at 2-11.) This application was denied both initially and upon reconsideration, and Plaintiff's hearing before an Administrative Law Judge ("ALJ") resulted in a finding that she was not disabled. (ECF Nos. 6-4 at 2-5, 13-16, 6-2 at 26-77.) The Appeals Council denied Plaintiff's request for review on August 8, 2012, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (ECF No. 6-2 at 2-7.)

On October 2, 2012, Plaintiff commenced this action to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) The Magistrate Judge's Report found that (1) there was no basis for remanding the case for further fact-finding regarding the new evidence submitted by Dr. Tavel to the Appeals Council; (2) the ALJ's evaluation of concentration and attention limitations and the ALJ's credibility findings were supported by substantial evidence; and (3) the Commissioner's final decision should be reversed and remanded on the ground that the ALJ failed to consider the impact of frequent medical treatment on Plaintiff's ability to engage in substantial gainful employment for the 18-month period following her accident. (ECF No. 35 at 9-18.) The court accepted in part and rejected in part the Report, reversing the final decision of the Commissioner denying Plaintiff's DIB and remanding the case for further proceedings. (ECF No. 47 at 11.) The court adopted the Report's recommendation to remand to the ALJ to consider the effect medical treatments had on Plaintiff's ability to engage in substantial gainful employment for the 18 months following her accident and to consider the appropriateness of a closed period of disability. (Id. at 9.) The court also adopted the Report's findings that substantial evidence supports the ALJ's evaluation of

Plaintiff's mental functioning and credibility. (Id. at 10-11.) However, the court disagreed with the Report on the conclusion that substantial evidence supported the ALJ's decision notwithstanding Dr. Tavel's new opinion, and remanded to the ALJ to specifically address Plaintiff's need to elevate her leg in the context of the vocational expert's testimony. (Id. at 10.)

Plaintiff filed this Motion for Attorney's Fees on April 30, 2014. (ECF No. 49.) The Commissioner responded in opposition on May 16, 2014 (ECF No. 50), and Plaintiff replied on June 3, 2014 (ECF No. 54).

## II.     LEGAL STANDARD AND ANALYSIS

A.     Motions for Attorneys' Fees, Costs, and Expenses under the EAJA

The EAJA allows for a party who prevails in litigation against the United States to be awarded attorneys' fees and costs upon timely petition, as long as the Commissioner's position was not "substantially justified" and no special circumstances make such an award unjust. 28 U.S.C. § 2412(d)(1); see Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). In evaluating a request for attorneys' fees and costs pursuant to the EAJA, the Commissioner bears the burden of proving that the agency's position was substantially justified, and to meet that burden, the Commissioner must establish that the agency's position has a reasonable basis in both law and fact. Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). "In other words, favorable facts will not rescue the [Commissioner] from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." Id.

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorneys' fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756

F.2d 1011, 1013 (4th Cir. 1984). Where the Commissioner's position was a result of the failure to perform a certain analysis required by the law and its regulations, the Commissioner's position was not substantially justified. Etheredge v. Astrue, C/A No. 4:08-3167-SB, 2010 WL 2926171, at *1 (D.S.C. July 23, 2010) (citing Randolph v. Sullivan, 738 F. Supp. 305, 306 (C.D. Ill. 1990)).

B.     The Parties' Arguments

Plaintiff requests attorney's fees of $9,843.10 and costs of $350.00, totaling $10,193.10.[1] (ECF No. 49 at 1-2.) Plaintiff claims that she is entitled to these fees as she is the prevailing party and the Commissioner's position was not substantially justified. (Id. at 1.) In support of this claim, Plaintiff emphasizes that the court found the ALJ had "committed legal error" on the two issues the court reversed and remanded for further proceedings. (ECF No. 49-1 at 3.) Plaintiff requests the checks be made payable to her and delivered to the offices of her counsel. (ECF No. 49 at 2.)

The Commissioner responds requesting "the [c]ourt deny Plaintiff's petition . . . because the government's position was substantially justified." (ECF No. 50 at 1.) The Commissioner contends that "the record in this case was arguably defensible and a reasonable person could find the Commissioner's position to be correct even though the [c]ourt ultimately found otherwise." (Id. at 2.) Specifically, the Commissioner argues she took reasonable positions that the "record, including the newly submitted evidence [Dr. Tavel's letter], continued to provide substantial evidence for the ALJ's decision", and that "the frequency of Plaintiff's treatment following her accident did not undermine the ALJ's decision . . . ." (Id. at 3.) The Commissioner argues "the

---

[1] Fees for Robertson Wendt total $9,105.60 ($189.70 per hour for 48.0 hours) justified by an increase in the cost of living since the amendment of the EAJA. (ECF No. 49 at 1-2.) Fees for Geoffrey Wendt total $737.50 ($125.00 per hour for 5.9 hours) (Id. at 1.)

4

fact that the Magistrate Judge agreed with the Commissioner on all the issues but one, and this [c]ourt agreed with the Commissioner on all the issues but two, supports a finding that the Commissioner's overall position as reasonable in law and fact . . . ." (Id. at 4.)

Alternatively, the Commissioner requests "if the [c]ourt does not find that the government's position was substantially justified . . . the [c]ourt reduce any fee award to an amount that is reasonable, in accordance with 28 U.S.C. § 2412(b)." (Id.) The Commissioner argues fees should be reduced since the requested total "59.3 attorney hours, is in excess of the 20-to-40-hour range that is typical for Social Security cases", and "Plaintiff has not claimed, much less explained or demonstrated that this case required additional work." (Id. at 5.) The Commissioner requests the hours claimed be reduced by fifty percent, and an additional 2.4 hours be deducted for "clerical tasks [that] are not compensable under the EAJA", bringing the total hours to 24.5. (Id. at 6-7.)

Plaintiff responds asserting "the Commissioner failed to meet her burden of proving that her position was substantially justified" since "the ALJ decision and the Commissioner's position . . . were legally erroneous . . . ." (ECF No 54 at 3.) In response to the Commissioner's charge that the hours requested were excessive, Plaintiff contends that "[a]ll of [the] activities were necessary parts of representing a client and were entirely reasonable." (Id. at 4-6.) Plaintiff also contends "the electronic filing of documents in the District Court [falls] into the 'gray area' of tasks which may appropriately be performed by either an attorney or a paralegal" so "the electronic filing of document (sic) by attorneys should be found compensable under the EAJA." (Id. at 7.) Lastly, Plaintiff requests additional attorney's fees for the time defending this motion in the amount of $663.95,[2] bringing the total amount requested to $10,857.05. (Id. at 8.)

---

[2] Fees for Robertson Wendt total $663.95 ($189.70 per hour for 3.5 hours). (ECF No. 54 at 8.)

5

C.     The Court's Review

1.     *Substantial Justification for Commissioner's Position*

The court first addresses the order to remand for evaluation of Plaintiff's need to elevate her leg in light of new opinion evidence before the Appeals Council from Dr. Tavel. The fact that a Magistrate Judge recommended affirmation of the Commissioner's position does not by itself establish substantial justification, See United States v. Paisley, 957 F.2d 1161, 1167 (4th Cir. 1992) ("[S]ubstantial justification issue cannot be transformed into an up-or-down judgment on the relative reasoning powers of Article III judges who may have disagreed on the merits of a Government litigation position."), but it does weigh in favor of a determination that the issue at hand is one "about which reasonable minds could disagree." Proctor v. Astrue, No. 5:11-311-JFA, 2013 WL 1303115, at *2 (D.S.C. March 29, 2013). The Report and the Magistrate Judge's rationale "are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position." Paisley, 957 F.2d at 1167. Upon a review of the Report (ECF No. 35 at 9-11), although the court ultimately differed in its interpretation of the ALJ's conclusions, the Magistrate Judge did present a reasonable analysis of the evidence that led to the recommendation that the Commissioner's decision be affirmed. The court found the failure to specifically address Plaintiff's need to elevate her leg indicated a lack of substantial evidence for the ALJ's position (ECF No. 47 at 10), not a legal error. As such, the Commissioner's position on this issue was substantially justified.

The court next addresses the order to remand to consider the impact continuing medical treatments had on Plaintiff's ability to engage in substantial employment for the 18 months following her accident and whether the ALJ should consider the appropriateness of a closed period of disability. Numerous cases support Plaintiff's contention that the ALJ's failure to

6

consider the impact of these medical treatments on employability was a clear error of law. See Meyer v. Astrue, 662 F.3d 700, 707 n. 3 (4th Cir. 2011) ("we further instruct the Commissioner on remand to consider the effect of . . . ongoing treatment on [Meyer's] ability to remain gainfully employed during the period of claimed disability.") (internal quotation marks omitted); Price v. Colvin No. 1:13-1064-JFA-SVH, 2014 WL 3798966, at *21 (D.S.C. July 31, 2014) ("[I]f an individual's medical treatment significantly interrupts the ability to perform a normal, eight-hour workday, then the ALJ must determine whether the effect of treatment precludes the claimant from engaging in gainful activity."); Nelson v. Astrue, No. C/A 1:09-1972, 2010 WL 4963814, at *15 (D.S.C. Nov. 9, 2010) report and recommendation adopted, No. C/A 1:09-1972-MBS, 2010 WL 4963039 (D.S.C. Dec. 1, 2010) (court remanded for ALJ to consider the impact time spent in treatment had on plaintiff's ability to work). The ALJ's failure to "perform a certain analysis required by the law" indicates that the Commissioner's position to challenge in this case was not substantially justified. Etheredge, 2010 WL 2926171, at *1. Plaintiff is therefore entitled to fees under the EAJA.

2.     *Requested Fee Hours and Rates*

Plaintiff requests and the Commissioner does not object to a rate of $189.70 per hour, adjusted for inflation based on the U.S. Department of Labor's Consumer Price Index for all urban consumers ("CPI-U"), for services provided by senior attorney Robertson Wendt.[3] (ECF No. 49-1 at 4.) CPI-U is a general cost of living index the Fourth Circuit in Sullivan v. Sullivan, 958 F.2d 574, 578 (4th Cir. 1992), determined was an appropriate measure for adjusting the

---

[3] "According to the U.S. Department of Labor's Consumer Price Index for all the urban consumers, all items (CPI-U, all items), the consumer price index as of March 1996, was 155.7. As of March 2014, the consumer price index was 236.293. Multiplying $125.00 per hour times the ratio of 236.293 divided by 155.7 equals a cost of living increase of $189.70 per hour." (ECF No. 49-1 at 4.)

7

EAJA statutory ceiling. See Mitchum v. Astrue, 586 F. Supp. 2d 424, 427 (D.S.C. 2007) ("Fourth Circuit has thus approved of using a general cost of living index, such as the CPI-U all items index, in determining how to adjust a fee award for inflation"). The court approves Plaintiff's adjusted rate for Robertson Wendt.

Attorney's fees under the EAJA must be reasonable, and counsel for the prevailing party bears the burden of showing the hours claimed are not "excessive, redundant, or otherwise unnecessary." See 28 U.S.C. §§ 2412(d)(2)(A); Hensley v. Eckhart, 461 U.S. 424, 434, 437 (1983). Although Plaintiff concedes that the requested hours exceed the 20-to-40 hour range typical for Social Security cases, the court does not find this fact alone to be an indication of unreasonableness. The court finds Plaintiff's explanations reasonable for both the sixteen hours spent preparing the opening brief,[4] and the 3 hours spent prior to drafting Plaintiff's brief.[5] The court also finds that Plaintiff's explanation for the 22.8 hours spent preparing the reply brief, an unusually long time for this task, to be reasonable.[6] Although the court does not agree with the Commissioner's contention that the work preparing Plaintiff's objections to the Report (ECF No. 42) was "superfluous" (ECF No. 50 at 6.), the court does find the 8.7 hours requested for this work to be excessive. A review of Plaintiff's objections shows the majority of the arguments are reiterations of arguments from Plaintiff's initial reply brief, leading the court to find the hours

---

[4] The administrative record was over 800 pages and the opening brief was 34 pages, making 16 hours of work a reasonable amount of time spent on this task. (ECF No. 54 at 5.)

[5] A review of the time sheet shows that much of these hours were spent on "necessary parts of representing a client" including reviewing the Appeals Council's decision, conferencing with Plaintiff, and reviewing court documents and letters to the parties. (ECF Nos. 54 at 6, 49-5 at 1.)

[6] Commissioner's response brief contained an appendix of 13 unreported decisions totaling over 180 pages. (ECF No. 54 at 5.) Plaintiff's counsel also had to conduct legal research on the "a novel issue raised by Commissioner, i.e., whether the Fourth Circuit ruling in Meyer v. Astrue on the issue of frequent medical treatment was binding precedent because it was relegated to a footnote . . . ." (Id.) Also, Plaintiff's counsel had to "review extensive physical therapy notes in the administrative record and . . . chart out comments and references regarding pain and swelling requiring icing and the effect on daily activities." (Id.)

requested are unreasonable. (ECF No. 33). Accordingly, the court reduces the hours for the objections by fifty percent, as the Commissioner requests, to 4.35 hours.[7]

The Commissioner further requests a reduction of 2.4 hours for purely clerical tasks, referencing time spent by Plaintiff's counsel "electronically filing documents, forwarding copies of briefs to Plaintiff, filing, and entering [c]ourt deadlines into his calendar." (ECF No. 50 at 6.) Purely clerical tasks are not compensable under the EAJA. See Williams v. Astrue, No. 0:10-cv-00004-JMC, 2012 WL 6615130, at *2 (D.S.C. 2012). Electronically filing documents is not considered a purely clerical task under the EAJA, and Plaintiff's assertion that filing was "only an insignificant portion of time" (ECF No. 54 at 6) further supports the fact that compensation should be granted for these tasks. See Barrett v. Comm'r of Soc. Sec. Admin., No. CA 1:14-2398-SVH, 2015 WL 2199879, at *2 (D.S.C. May 11, 2015) (holding that electronic case filing "cannot be considered purely clerical"). In regard to the time spent entering deadlines and forwarding copies of documents to Plaintiff, Plaintiff has failed to meet her burden of showing these entries are not clerical. The court exercises its discretion to determine a reasonable fee award, See May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991), to reduce the requested amount by 1.2 hours for these purely clerical tasks.[8] The court finds that there are 43.25 total compensable hours for Robertson Wendt and 5.1 hours for Geoffrey Wendt.

Plaintiff requests an additional 3.5 hours of fees for Robertson Wendt's work defending this fee application. (ECF No. 54 at 8.) The Commissioner does not object to this request, and

---

[7] This amounts to 3.55 hours of compensable work for Robertson Wendt, and .8 hours of compensable work for Geoffrey Wendt.

[8] The court deducts .1 hours for each of the four entries on Plaintiff's counsel's time sheet regarding "diary deadline to file" or "conference with paralegal about diary date." (ECF No. 49-5 at 1-2.) The court recognizes the need for counsel to review letters being sent to parties, but finds the amounts of time requested to "review and sign" letters that simply forward copies of court documents to be excessive and reduces all eight of these entries by .1 hours. (Id.) These deductions all apply to Robertson Wendt's hours.

the court finds these additional hours to be reasonable, bringing the total compensable hours for Robertson Wendt to 46.75. See Suggs v. Sullivan, 754 F. Supp. 79, 81 n. 8 (D.S.C. 1991) (holding that hours expended litigating EAJA fee petitions are recoverable).

## III.    CONCLUSION

For the reasons set forth above, the court **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 49) and awards fees of $9,505.97 and costs of $350.00 for a total of $9,855.97.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 29, 2015
Columbia, South Carolina